**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4616

FRANKIE EUGENE LEE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-98-407-PJM)

Submitted: March 31, 2000

Decided: May 3, 2000

Before MICHAEL and MOTZ, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Dismissed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant
Federal Public Defender, Baltimore, Maryland, for Appellant. Lynne
A. Battaglia, United States Attorney, Mythili Raman, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Frankie Eugene Lee was convicted pursuant to his guilty plea of stealing Government property. On appeal, he alleges that the district court erred by enhancing his base offense level for abuse of a position of trust.[1] Lee further claims that the court's restitution order was plainly erroneous. Because we find that Lee waived his right to appeal the district court's decision on the enhancement, we dismiss that portion of the appeal. However, we vacate the court's restitution order and remand the case with instructions for the district court to make specific factual findings concerning the payment schedule.

The basic facts of this case are undisputed. Lee was employed as a supply technician at Walter Reed Army Medical Center. His duties included ordering tools and equipment for the various maintenance units within the medical center. The record shows that Lee would take legitimate orders and change the quantity ordered. He would then take receipt of the excess items and sell them to local pawn shops or fencing operations.

Pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C.A. § 3663A (West Supp. 1999), the district court ordered Lee to pay restitution in the full amount of the Government's loss. To achieve this end, the court ordered Lee to pay $5000 immediately and to make regular monthly payments of $250 per month for thirty-six months beginning thirty days after his release from prison. During its oral pronouncement of sentence, the district court noted that Lee could apply money he earned while working in prison toward the $5000 payment.

_____

[1] **U.S. Sentencing Guidelines Manual** § 3B1.3 (1998).

2

A waiver of a criminal defendant's right to appeal contained in a valid plea agreement "is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994) (citations and internal quotation marks omitted). In the present case, both parties reserved the right in the plea agreement to argue whether the enhancement should be applied. However, both parties also expressly agreed to waive the right to appeal any decision that related to the establishment of the guideline range. They reserved only the right to appeal from an upward or downward departure from the guideline range.

Lee contends that he did not knowingly or voluntarily waive his right to appeal the particular issue raised here. Specifically, he alleges that the plea agreement is ambiguous and that the Government used the terms "enhancement" and "departure" interchangeably. As a result, he did not believe he was waiving his right to appeal the enhancement for abuse of a position of trust.

Nothing in the record supports Lee's claim. The district court expressly addressed the waiver provision during Lee's Rule 11 hearing. Lee stated that he understood the provision and agreed to it. Contrary to Lee's assertions, we find that the Government consistently used the terms "enhancement" and "departure" in their technical sense under the Guidelines. There being no ambiguity in the record, we find that the issue raised by Lee falls squarely within the waiver provision, and we dismiss this portion of the appeal.

Because Lee did not object to the restitution order at trial, we review the order for plain error. See United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995). Under the MVRA, after determining the full amount of restitution owed to the Government, the district court was required to set the manner in which, and the schedule according to which, Lee was to pay the amount of restitution ordered. See 18 U.S.C.A. § 3664(f)(2) (West Supp. 1999). In so doing, the district court was required to consider: (1) Lee's financial resources and other assets, including whether any of the assets were jointly controlled; (2) Lee's projected earnings and other income; and (3) any of Lee's financial obligations, including obligations to dependents. See id.

3

In the present case, the district court failed to make any factual findings on these factors prior to entering its order. This greatly impedes effective appellate review. See United States v. Dawkins, 202 F.3d 711, 716 (4th Cir. 2000). In addition, "the record is devoid of any factual finding that keys [Lee's] financial situation to the restitution schedule ordered or finds that the order is feasible." Id. at 717. We find that the district court's failure to make the required factual findings constitutes plain error.

Accordingly, we dismiss the portion of the appeal in which Lee challenges the district court's decision to enhance his base offense level for abuse of a position of trust. We vacate the court's restitution order and remand the case with instructions for the court to make specific factual findings pursuant to Dawkins. [2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

DISMISSED IN PART, VACATED
IN PART, AND REMANDED

_____

[2] Because we are vacating the restitution order, we need not address Lee's claim that the district court improperly delegated its authority to fashion a payment schedule when it stated that he could apply his prison earnings toward his $5000 immediate payment. See United States v. Miller, 77 F.3d 71, 77-78 (4th Cir. 1996).